UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DON BLOOM, | : | Case No. 1:09-cv-024 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| SHREE GANESH PAYAL, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION TO DISMISS (Doc. 7) BE GRANTED; AND (2) THIS CASE BE CLOSED

Plaintiff Don Bloom initiated this action on January 13, 2009 by filing a *pro se* complaint against Defendants Shree Ganesh Payal, LLC and Mahendra Patel alleging failure to pay rental fees pursuant to a commercial lease. (Doc. 1). This matter is currently before the Court on Defendants' motion to dismiss. (Doc. 7).

### I. PROCEDURAL BACKGROUND

Upon filing the complaint, Plaintiff caused copies of the complaint and summons to be sent by the Clerk of the Court to Defendants via certified mail on February 18, 2009. (Doc. 4). In response to the complaint and summons, Defendants filed a motion to dismiss (Doc. 7) on March 11, 2009. According to the Federal Rules of Civil Procedure, Plaintiff was required to submit a response by April 6, 2009, but failed to do so.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Therefore, on May 5, 2009, the Court ordered Plaintiff to show cause in writing why Defendants' motion to dismiss should not be construed as unopposed and granted. (Doc. 9). Plaintiff was required to respond to the order by May 25, 2009. (*Id*.) To date, Plaintiff has failed to respond to either the Defendants' motion to dismiss (Doc. 7) or the Order to show cause (Doc. 9).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules, "[p]laintiffs have the burden of proving jurisdiction in order to survive a 12(b)(1) motion." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (*citing Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)); *see also Rogers v. Stratton Indus., Inc.,* F. 2d 913, 915 (6th Cir. 1986) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction.").

## III. ANALYSIS

As an initial matter, Plaintiff's failure to respond to the order to show cause (Doc. 9) warrants dismissal of this action for lack of prosecution and for failure to comply with an order of the Court. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power to *sua sponte* dismiss civil actions for want of prosecution); s*ee also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).

Dismissal is also warranted pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction, as discussed below. Moreover, the Supreme Court has made clear that a plaintiff "must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations, he has no standing." *McNutt* v. *General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936). Here, the complaint fails to aver the basis for jurisdiction, and this failure is of itself grounds for dismissal.

Plaintiff's complaint does not raise a federal question, and, therefore, jurisdiction must be based upon diversity of citizenship. In this context, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C § 1332.

A jurisdictional challenge, like the one presented in Defendants' motion to dismiss, is governed by the general principle that the party seeking to invoke federal jurisdiction bears the burden of actually proving the facts to support jurisdiction.

> If [the plaintiff's] allegations of jurisdictional facts are challenged by his adversary in an appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.

*McNutt,* 298 U.S. at 189. Moreover, upon "a challenge to the factual existence of subject

matter jurisdiction, ... no presumptive truthfulness applies to the factual allegations." *United States v. Ritchie*, 15 F. 3d 592, 598 (6th Cir. 1994).

Here, Plaintiff must first demonstrate that complete diversity of citizenship exists. This requires a showing that the two parties are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). An individual's citizenship is determined by their state of domicile which requires that: (1) an individual has a physical presence in the state; and (2) an individual has an intent to reside in the state indefinitely. *Mitchell v. United States,* 88 U.S. 350, 352 (1874).

Plaintiff fails to allege any facts that indicate that he and Defendants are citizens of different states. Despite Plaintiff's claim that he is currently residing in Florida (Doc. 1), significant facts exist to indicate Plaintiff is domiciled in Ohio. "In the eyes of the law, domicile is not synonymous with a person's residence." *Persinger v. Extendicare Health Servs. Inc.,* 539 F. Supp.2d 995, 996 (S.D. Ohio, 2008). All communications between Plaintiff and Defendants have occurred at an Ohio address and telephone number. (Doc. 1, Ex. A). Moreover, in a case decided by this Court (Case No. 1:07-cv-850), Plaintiff filed a post-evidentiary hearing brief on March 2, 2009, and listed an Ohio address. (Doc. 7).

Given these contradictions regarding citizenship, it was incumbent upon Plaintiff to affirmatively demonstrate a Florida domicile. Not only did Plaintiff fail to substantiate his domicile, but he failed to respond to both Defendants' motion to dismiss and the Court's order to show cause.

Accordingly, Plaintiff has failed to meet his burden of establishing, by a preponderance of the evidence, the existence of subject matter jurisdiction.

## IV. CONCLUSION

Therefore, based on the foregoing, the undersigned **RECOMMENDS** that: (1) Defendants' motion to dismiss (Doc. 7) be **GRANTED**; and (2) this case be **CLOSED**.

Date: July 15, 2009
s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DON BLOOM, | : | Case No. 1:09-cv-024 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SHREE GANESH PAYAL, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **10 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).